UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       CIVIL ACTION NO. 09-CV-15070

vs.

                                  DISTRICT JUDGE STEPHEN J. MURPHY III

ALFRED PRATT                    MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Court recommends that the Motion for Summary Judgment filed by Plaintiff United States of America (docket no. 9) be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. (Docket no. 9). Defendant has filed a response to the motion, and Plaintiff has replied. (Docket nos. 12, 13). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

On April 28, 1986 Defendant Alfred Pratt signed a promissory note to borrow $995 from Empire of America Federal Savings Bank to attend cosmetology school at Vogue College in Wichita Falls, Texas. (Docket no. 9, Ex. 1). Texas Guaranteed Student Loan Corporation guaranteed the loan, and the United States Department of Education reinsured the loan. (Docket no. 9, Ex. 2).

1

Loan proceeds in the amount of $995 were disbursed on May 19, 1986, with interest accruing at the rate of 8.00% per annum. (Docket no. 9, Ex. 1). On July 22, 1995 Defendant defaulted on the loan, and the guaranty agency paid a claim in the amount of $1,753.54 to the holder. (Docket no. 9, Ex. 2). The guarantor was then reimbursed for the claim payment by the Department of Education. The guarantor attempted to collect the debt from the borrower, but being unable to collect the full amount due, assigned its right and title to the loan to the Department of Education on July 16, 2003. (Docket no. 9, Ex. 2). On December 31, 2009 Plaintiff filed the instant Complaint seeking payment of the student loan.

**B.     Standard**

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

To prevail on its Motion for Summary Judgment, the Plaintiff must show: (1) the Defendant signed the promissory note, (2) the Plaintiff is the present owner or holder of the note, and (3) the

note is in default. *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001). "Once the government establishes a *prima facie* case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation." *United States v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citations omitted).

Plaintiff has met its burden of demonstrating the absence of any genuine issues of material fact in this case. Defendant does not dispute that he signed the promissory note in the amount of $995 to pay his educational expenses at Vogue Beauty School. (Docket no. 12). Indeed, he acknowledges that he signed the promissory note and that he attended Vogue Beauty School for several weeks before it filed for bankruptcy and began operating under the name Wilfred Beauty Academy. Defendant claims that he was given the choice to quit and lose the hours he had invested in his schooling, or attend Wilfred Beauty School. He states that he last attended Wilfred Beauty School on or around May 31, 1986. (Docket no. 12). In addition, Plaintiff has demonstrated that there are no disputed issues of fact concerning whether the Plaintiff holds the note and whether the loan is in default. (Docket no. 9, Ex. 2).

In his defense, Defendant raises a statute of limitations issue. Defendant also argues that he should not be made to repay his obligation on the student loan because Vogue Beauty School failed to fulfil its obligation to him as a student. In addition, he argues that he is now over 70 years of age, living on a fixed income, and without the means to pay the debt. (Docket no. 12).

In 1991, Congress retroactively abrogated the statute of limitations defense for the collection of defaulted student loans. 20 U.S.C. § 1091a(a); *Millard v. United States Aid Funds, Inc.*, 66 F.3d 252, 253 (9th Cir. 1995). Therefore, no statute of limitations precludes this action. Furthermore,

3

although Defendant argues that Vogue Beauty School defrauded students out of their loan money and failed to fulfil its obligations (docket no. 3), these arguments do not relieve the Defendant of his duty to repay his student loan. *See United States v. Brooks*, No. 07-11490, 2007 WL 3244724, at *2 (E.D. Mich. Nov. 2, 2007) ("Courts have rejected the assertion that misconduct by a school absolves a borrower of his obligation to repay his student loans.").

Defendant has failed to produce any evidence to prove the nonexistence, payment, discharge, or deferment of his obligation. He has also failed to produce any evidence to rebut the Plaintiff's calculation of damages. Accordingly, the Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be granted and judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $3,730.18 as of October 7, 2010, plus costs of $350 and pre-judgment interest at a rate of 8% per annum, plus post-judgment interest to run on the unpaid judgment at the legal interest rate until the debt is paid in full. (Docket nos. 1, 13).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 9, 2010	s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Alfred Pratt and Counsel of Record on this date.

Dated: December 9, 2010	s/ Lisa C. Bartlett
Case Manager