UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFRED PRATT,

    Defendant.
    _____/

Case No. 09-cv-15070

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(docket no. 14)**, DENYING PRATT'S MOTION FOR RELIEF FROM JUDGMENT** (docket no. 12)**, AND GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT** (docket no. 9)

    This is an action commenced by the Government to collect on a federally-held education loan issued to Alfred Pratt in 1986, for the purpose of attending Vogue College's cosmetology school in Wichita Falls, Texas. Pratt, who is representing himself in this matter, opposed the collection action. He claims the Government is not entitled to collect on the loan because (1) their action is time-barred, and (2) Vogue College defrauded him. The Government moved for summary judgment, and the motion was referred to a magistrate judge. On December 9, 2010, the magistrate judge issued a Report and Recommendation ("Report"), advising that the Government's motion be granted. Pratt has not filed timely objections to the Report as required by Fed. R. Civ. P. 72(b)(2) and explained in the Report. For the reasons set forth below, the Court will accept the Report, grant the Government's motion, and enter judgment on behalf of the Government.

    Review of decisions on dispositive motions referred to a magistrate judge is governed by Fed. R. Civ. P. 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file

specific written objections to the proposed findings and recommendations" within fourteen days of receipt of the Report by the parties.  Fed. R. Civ. P. 72(b)(2).  As the Report notes, Adams' failure to object timely results in a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985).  Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the district judge is entitled to review the Report and Recommendation on his own initiative.  *See id.* at 154 (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

After its own review of the record, the Court agrees with the conclusions of the Report.  Pratt concedes that he signed the note, is the holder of the note, and that the note is in default.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  Pratt's statute of limitations protest is unavailing because Congress has preempted usage of statute of limitation defenses against defaulted student loans.  20 U.S.C. § 1091a(a); *Millard v. U.S. Aid Funds, Inc.*, 66 F.3d 252, 253 (9th Cir. 1995).  In addition, any alleged misconduct by Vogue College is not a defense to payment on the loan.  *United States v. Cawley*, 821 F. Supp. 1219, 1224 (E.D. Mich. 1993).  Having failed to show any facts that would render the Government's claim unenforceable, entry of judgment for the Government is appropriate.  The Court will grant the Government's motion.

**WHEREFORE**, the Court **ACCEPTS** the magistrate judge's Report (docket no. 14), and hereby **ORDERS** that the Government's motion for summary judgment (docket no. 9) is **GRANTED**.  The Court will enter judgment in favor of the Government, and against Pratt, in the amount of $3,730.18 as of October 7, 2010, plus costs of $350 and pre-judgment

interest at a rate of 8% per annum, plus post-judgment interest to run on the unpaid judgment at the legal interest rate until the debt is paid in full.

**IT IS FURTHER ORDERED** that Pratt's motion for relief from judgment (docket no. 12) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 19, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2011, by electronic and/or ordinary mail.

Carol J. Cohron
Case Manager
